UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COURTNEY C. DAVIS(#558930)

VERSUS                                             CIVIL ACTION

CHAD MENZINA, ET AL                                NUMBER 12-189-BAJ-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Plaintiff's Motion to Compel Discovery. Record document number 38. The motion is not opposed.

On June 20, 2012, the plaintiff filed a request for the production of documents.[1]

On September 10, 2012, the plaintiff filed a request for the production of documents and seven requests admissions.[2]

Plaintiff seeks to compel the defendants to respond to his request for production of documents and requests for admissions.

A review of the record showed that after the motion to compel was filed the defendants responded to the plaintiff's admissions.[3] Defendants have not responded to the plaintiff's request for production of documents.

Plaintiff argued that he sent a letter to counsel regarding the outstanding discovery requests filed in June. However, a

---

[1] Record document number 8.

[2] Record document numbers 26-31.

[3] Record document numbers 39-43.

review of the discovery showed that it was filed before the defendants were served with the complaint and does not contain a certificate of service. Plaintiff apparently did not contact counsel for the defendants regarding the outstanding discovery served in September.

A party moving to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. Fed.R.Civ.P. 37(a)(1). The purpose of the rules is obvious. It is a waste of judicial resources to resolve discovery disputes which could be more readily resolved if the parties simply communicated with each other. There was nothing to prevent the plaintiff from sending a letter to counsel for the defendants seeking to resolve the discovery dispute regarding the September discovery requests.

Accordingly, the plaintiff's motion to compel discovery is denied as moot insofar as the plaintiff sought to compel responses to requests for admissions, and otherwise denied for failure to comply with Fed.R.Civ.P. 37(a)(1).

Baton Rouge, Louisiana, November 2, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE